**IN THE UNITED STATES DISTRICT
COURT FOR THE WESTERN DISTRICT
OF TEXAS SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **CHAZ SIMONE CHIDEMEH** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO:  5:20-cv-1479** |
| | § | |
| | § | |
| **MINDTREE LIMITED** | § | **Jury Demanded** |

## PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Chaz Simone Chidemeh ("Plaintiff Simone") complaining of and about Defendant Mindtree Limited ("Defendant"). Plaintiff Chaz Simone Chidemeh presently alleges herein that she has suffered illegal discrimination, harassment and/or retaliation in violation of section 504 of the Rehabilitation Act of 1973, as amended, based on her disabilities (504 Rehab Act), the Family Medical Leave Act (FMLA), and alternatively, retaliation based on her opposition to violations of, opposing and complaints regarding violations of the Fair Labor Standards Act (FLSA).

1.    It is asserted Defendant received contracts and/or federal funds and violated section 504 of the Rehabilitation Act of 1973, a law that prohibits federal contractors and subcontractors from discriminating in employment against individuals with disabilities and requires employers to take affirmative action to recruit, hire, promote, and retain these individuals. It is asserted Defendant met all provisions to establish protection and coverage for Plaintiff under the Act yet violated the act in relation to Plaintiff Simone's disabilities and the failure to accommodate her disabilities.

2.    It is asserted Defendant violated section 504 of the Act. Section 504 states that

"no qualified individual with a disability in the United States shall be excluded from, denied the benefits of, or be subjected to discrimination under" any program or activity that…. receives Federal financial assistance…. " It is asserted Defendant received federal financial assistance and violated the Act. The Act requires reasonable accommodation for employees with disabilities. It is not necessary to file a complaint with a Federal agency or to receive a "right-to-sue" letter before going to court.

## PARTIES AND SERVICE

3.      Plaintiff Chaz Simone Chidemeh is a resident of San Antonio, Texas, residing within the Western District of Texas, San Antonio Division.

4.      Defendant Mindtree Limited is an India based New Jersey foreign corporation registered in the state of Texas as a foreign for profit entity and doing business in San Antonio, Texas and within the Western District of Texas, San Antonio Division. It may be served with process by serving its registered agent for service of process: Incorp Services, Inc., 815 Brazos Street, Suite 500, Austin, TX 78701.  However, attorney David C. Lindsay with K & L Gates, LLP, has been authorized by the Defendant to accept service on behalf of the Defendant.  A copy of the complaint and required waiver request will be forwarded to attorney Lindsay on behalf of Defendant.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction to hear the merits of Plaintiff's claims as they are brought under Federal Law, specifically Section 504 of the Rehabilitation Act of 1973, as amended, the Family Medical Leave Act, and the Fair Labor Standards Act.

6.      At the time of filing, damages are within the jurisdictional limits of this Court and are in the approximate range of at least $500,000.00.

7.      Venue in this district and division is proper under 28 U.S.C. § 1391(b)(2).

## COVERAGE

### FLSA COVERAGE

8.     At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

9.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10.     At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprises have had and have an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12.     At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## MISNOMER/MISIDENTIFICATION

13.     In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or that such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

**CONDITIONS PRECEDENT**

14.     Plaintiff asserts that all conditions precedent to the filing of this lawsuit have been met.

15.     It is not necessary to file a complaint with a Federal agency or to receive a "right-to-sue" letter before going to court in a case involving the Rehab Act, the Family Medical Leave Act or the Fair Labor Standards Act.  While there are race, national origin, disability and age claims now pending before the EEOC and or applicable Texas state agency, thos claims are not brough as part of this action and will be filed once the EEOC and/or state agencies issue their Right to Sue letter(s).

**CLAIMS ARISING UNDER SECTION 504 OF THE REHAB ACT**

16.     Section 504 of the 1973 Rehabilitation Act provides protection for any person who (1) has a physical or mental impairment that substantially limits one or more major life activities, (2) has a record of such an impairment or (3) is regarded as having such an impairment. Major life activities include walking, seeing, hearing, speaking, breathing, learning, working, caring for oneself, and performing manual tasks. As a result, the statute clearly applies to the claims of Ms. Simone and she is entitled to relief and damages under the Act.

17.     Again, it is contended Defendant was a recipient of federal funds and/or contracts and that Defendant violated the Rehab Act. During all relevant times, the employer was a "recipient of federal financial assistance," and/or federal contracts and was paid for goods or services providedto governmental agencies or pursuant to contracts for which it received governmental funds. Defendant discriminated against Plaintiff and failed to accommodate the disabilities of Plaintiff and the conduct was on the basis of disability. It is further and alternatively asserted the Defendant's actions were done "intentionally."

18.     It is contended Defendant Mindtree worked as a party to or as a subcontractor on

government contracts and thus was the recipient of federal funds.  Mindtree was acquired by L&T in 2019 and L&T had government contracts. In addition, Mindtree received government grants in order to hire more local talent especially in Gainesville, Florida.  This was a project in which Plaintiff was directly involved in but was pushed out when she refused to cover up the violations. Plaintiff's job was to bring in more USA hires but the company would instead cut the local numbers and bring in F1's, L1's and HIB visas to avoid paying the locals competitive pay snd overtime. The company received millions of dollars from the local and federal governments and violated the terms of the grants.  It is believed Defendant Mindtree was sued and was forced to pay back funds due to the improper conduct.

## FACTUAL SUMMARY

19.     Plaintiff was a victim of discrimination and retaliation because of her pregnancy related disability, request for accommodation and related request for intermittent and FMLA leave based on her disability, in violation of section 504 of the Rehab Act and the Family Medical Leave Act. She had also complained to the company about FLSA violations on January 29, 2020, because of the company's failure and refusal to pay overtime to employees, which she opposed and contended violated the Fair Labor Standards Act.

20.     Plaintiff began her employment with Defendant in approximately October 2015 serving as the Program Director – University Relations, with Mindtree Limited at a pay rate of approximately $154,000, including bonuses.  During her employment, she reported to the company that she was pregnant and suffered from a pregnancy related disability and would need an accommodation related to her disability and requested leave related to her condition and medical appointments.

21.     After she was put on FMLA leave due to her disability and announced her pregnancy

and pregnancy related disability, and after helping employees who complained about job discrimination, and after she complained and opposed about FLSA violations by the company, her employer threatened to terminate or furlough Plaintiff. Eventually, she was laid off by the company and told they could not reassign her when others were transferred or offered reassignment. As of June 9, Plaintiff's supervisor threatened to terminate her role and employment and she was later told she was laid off on July 31, 2020.

22.     Because of her pregnancy and related disability (preclampsia/helpsyndrome) and related blood clots, a recognized disability by the Dept. of Labor), Plaintiff applied for intermittent FMLA leave on March 4, 2020 and received eligibility approval from HR on March 11, 2020. Plaintiff would periodically take off for medical procedures and sent updated FMLA paperwork related to her pregnancy and related disability on June 3, 2020.

23.     In addition, she complained about discrimination and potential EEOC violations to Philip Goldstein and Anna Chandi on June 16, 2020 (very close to the decision date to lay her off on July 31, 2020). These complaints are the subject of an EEOC federal and state complaInts, which will later be raised in a separate suit to be filed once a Right to Sue letter is issued by the federal and/or state agency.

24.     Plaintiff complained she suffered discrimination and retaliation based on the following: National Origin / Nationality / Ethnicity / Race, Sex (including pregnancy, sexual orientation, and gender identity), Age, Disability, (FMLA and ADA filing and provisions ), her role in helping or  being a witness in Mindtree employees' complaints about job discrimination, retaliation for reporting the misconduct by Mindtree managers of the FSLA (overtime payment and tracking) and inability of Mindtree expense team to reimburse campus Minds relocation expenses in a timely manner. As well as the withholding of employee expenses and salaries upon voluntary and

involuntary exits, and retaliation for reporting of gender discrimination of Maternity Benefits within

Mindtree and Immigration Violations.

## DISABILITY DISCRIMINATION AND RETALIATION IN VIOLATION OF SECTION 504 OF THE REHAB ACT

25.     The evidence will show that:

    a.   Plaintiff had a disability due to her medical condition;

    b.   Plaintiff was qualified for her position;

    c.   Plaintiff suffered an adverse employment action in that she was laid off and/or terminated; and

    d.   The circumstances arising raise an inference of disability discrimination.

26.     Defendants were aware that Plaintiff had a disability and that she had requested an

accommodation related to her condition.  The condition limited her major life activities including

walking, climbing, and standing.  Defendant refused to accommodate Plaintiff and instead laid her

off and/or terminated her employment for a pretextural reason rather than accommodate her or engage

in the interactive process.


27.     The evidence will further show that Ms. Simone was retaliated against for reporting

that her medical restrictions were not being followed, and that she was retaliated against for requesting

accommodations for her own disabilities.

## FAMILY MEDICAL LEAVE ACT VIOLATIONS

28.     Plaintiff alternatively seeks relief for violations of the Family Medical Leave Act.

Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under the Family

Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et. seq*.

29.     Defendant is an "employer" as defined by the FMLA in 29 U.S.C. § 2611(4).

30.     During the time that Plaintiff was employed by Defendant, she was an "eligible

employee" as defined by the FMLA in 29 U.S.C. § 2611(2).

31.     While Plaintiff was employed by Defendant, Plaintiff had an illness or disability that can be defined as a "serious health condition" under the FMLA as outlined in 29 U.S.C. § 2611(11).

32.     Plaintiff was entitled to medical leave or a reasonable accommodation for her serious health condition as provided for in the FMLA (in 29 U.S.C. § 2612(a)(1)(C)).

33.     However, instead of engaging in the interactive process and/or accommodating her request for leave, intermittent leave and/or an accommodation, Defendant terminated Plaintiff's employment for taking or requesting this medical leave to care for her serious health condition.

34.     Defendant terminated Plaintiff's employment for seeking designation and/or leave under FMLA,  and/or the time she was forced to take off work to care for her serious health condition, which violates the protections of the FMLA as outlined in  29 U.S.C. § 2615(a).

35.     As a result of Defendant's violations of the FMLA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at time of trial.

36.     As a result of this willful violation of the FMLA, Plaintiff requests that she be awarded all damages, to which she is entitled, as outlined in 29 U.S.C. § 2617, including, but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest.  In addition, Plaintiff requests liquidated damages equal to the amount of reimbursable compensation described above.  Plaintiff also requests any additional equitable relief to which she is entitled.

37.     Plaintiff also requests reasonable attorney's fees and court costs.

## **RETALIATION IN**
## **VIOLATION OF THE FAIR LABOR STANDARDS ACT**

38.     Alternatively, it is contended Defendant laid off and/or terminated Ms. Simone in

retaliation for her objections to and complaints about violations of the Fair Labor Standards Act ("FLSA"), as set out above.  Any retaliatory conduct and or a lay-off and/or retaliatory termination is itself prohibited by the FLSA, 29 U.S.C. 215(a)(3).  It is contended Defendant Mindtree violated the statute entitling Plaintiff Simone to recoverable damages, attorneys' fees and costs.

## RESPONDEAT SUPERIOR

39.     Employees involved in the discrimination, harassment and/or retaliation described herein were at all times employees, agents, or representatives of the Defendant and were at all times acting in the course and scope of that employment. Accordingly, Defendant is liable for such conduct under the doctrine of Respondeat Superior.

## DAMAGES

40.     Plaintiff alleges that as a direct and proximate result of the conduct and/or omissions on the part of the Defendant, she is entitled to recover at least the following legal damages:

   a.   Lost wages, past and future;

   b.   Compensatory Damages, including Mental Anguish, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life suffered in the past, and which, in all reasonable probability, which will be suffered in the future; and damages based on damage to her reputation based on Defendant's conduct;

   c.   Pecuniary losses; and damages including damages resulting from medical expenses incurred;

   d.   Reasonable attorney fees, expert fees and costs.

   e.   Based upon the above enumerated damages, the Plaintiff pleads for actual damages and punitive damages for the conduct of Defendant and above damage elements in an amount the jury deems reasonable.

## ATTORNEY FEES

41.     Defendant'' conduct as described in this petition and the resulting damage and loss

to Plaintiff has necessitated Plaintiff retaining counsel. Therefore, Plaintiff seeks all reasonable and necessary attorney fees in this case which would include at least the following:

    a.  Preparation and trial of the claim, in an amount the jury deems reasonable;

    b.  Post-trial, pre-appeal legal services, in an amount the jury deems reasonable;

    c.  An appeal to the Court of Appeals, in an amount the jury deems reasonable;

    d.  Making or responding to an Application for Writ of Error to the Supreme Court, and attorneys' fees in the event that application for Writ of Error is granted, in an amount the jury deems reasonable; and

    e.  Post-judgment discovery and collection in the event execution on the judgment is necessary, in an amount the jury deems reasonable.

## JURY DEMAND

42.      Plaintiff further demands a trial by jury. A jury fee has been tendered.

## PRAYER FOR RELIEF

Wherefore, Chaz Simone requests Defendant be cited to appear and answer, and that on final trial, Simone have judgment against Defendant as set out above and as follows:

    a.  Judgment against Defendant for Plaintiff's actual damages, including lost wages and benefits (both front and back pay) due to Defendant's violation of law, and any liquidated damages to which she may be entitled;

    b.  Judgment against Defendant for compensatory and/or punitive damages in the maximum amount allowed by law and for attorneys' fees and costs;

    c.  An order that Defendant take such other and further actions as may be necessary to redress their violation of the Rehab Act, which should include forfeiture of any government funds received in 2019 and/or 2020 and/or 2021;

           Pre-judgment and post-judgment interest at the maximum allowed by law; Costs of suit, including attorneys' fees; and

    d.  A trial by jury and such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted


 /s/ *Adam Poncio*
ADAM PONCIO
State Bar No. 16109800
salaw@msn.com
ALAN BRAUN
State Bar No. 24054488
abraun@ponciolaw.com

PONCIO LAW OFFICES
A Professional Corporation
5410 Fredericksburg Road, Suite 109
San Antonio, Texas 78229-3550
(210) 212-7979 Telephone
(210) 212-5880 Facsimile

ATTORNEYS FOR PLAINTIFF